UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:17-cv-915 |
| v. | ) |
| | ) |
| **McGuire's Evergreen Golf Course, Inc.**, a Michigan corporation for profit, | ) Judge: |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **MCGUIRE'S EVERGREEN GOLF COURSE, INC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Counts II and III utilize the same core of operative facts as Count I, and are therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **MCGUIRE'S EVERGREEN GOLF COURSE, INC.** operates and owns Evergreen Resort located at 7880 Mackinaw Trail, Cadillac, MI 49601 in Wexford County. Plaintiff has patronized Defendant's resort as an overnight guest previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **MCGUIRE'S EVERGREEN GOLF COURSE, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a resort and place of public accommodation fails to comply with

the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On or about September 29, 2016, Plaintiff visited the property that forms the basis of this lawsuit as an overnight guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including golf and water skiing events in Cadillac, MI and snow skiing at nearby slopes in Northern Michigan. Leland Foster travels to the area regularly, has many friends in the area whom he socializes, and frequents many establishments in the Wexford County region and has been a customer and stayed as an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's stay, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety and caused him physical injury.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to

3

access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the resort and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of **Evergreen Resort**, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

    A. There is no accessible route connecting all of the accessible elements at the facility, in violation of the ADA whose remedy is readily achievable.

    B. There are an insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    C. There is no accessible route to the swimming pool due to the presence of steps, in violation of the ADA whose remedy is readily achievable.

    D. There are ramps in the facility that do not have required handrails on both sides, in violation of the ADA whose remedy is readily achievable.

Lobby:

    E. The registration service transaction counter in the lobby exceeds allowable height for disabled patrons, in violation of the ADA whose remedy is readily achievable.

    F. The coat racks are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    G. There are courtesy lobby phones and a note pad mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Pool Area

    H. The entrance to the pool area has door hardware that requires tight-grasping or twisting, in violation of the ADA whose remedy is readily achievable.

    I. The 12 person whirlpool spa does not have two means of accessible entry or an adaptive pool lift, in violation of the ADA whose remedy is readily achievable.

Public Restrooms:

J.  The door to enter the single-user restroom has insufficient latch side clearance, in violation of the ADA whose remedy is readily achievable.

K.  The lavatory pipes are not insulated for scalding or contact, in violation of the ADA whose remedy is readily achievable.

L.  There is insufficient clear floor space for a wheelchair to use the water closet due to a partition, in violation of the ADA whose remedy is readily achievable.

M.  The rear grab bar is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

N.  The flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

O.  The toilet paper dispenser is not mounted in accordance with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

P.  There are amenities, including the paper towel dispenser, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Breakfast Area:

Q.  There is a ramp leading to a dining are that does not have hand rails on either side, in violation of the ADA whose remedy is readily achievable.

R.  Tables in the dining area do not have the required knee and toe clearances, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

S.  Upon information and belief, there are an insufficient number of designated accessible guestrooms, in violation of the ADA whose remedy is readily achievable.

T.  The designated accessible guestrooms are not disbursed among the various classes of rooms, including junior and deluxe suites, in violation of the ADA whose remedy is readily achievable.

U.  There is insufficient latch side clearance to exit the designated mobility accessible guestroom, due to the presence of an ironing board, clothes hangers, and shelf, in violation of the ADA whose remedy is readily achievable.

V.  The robe hook on the door is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

W. There is insufficient clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

X. There are missing or non-compliant grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

Y. The toilet paper dispenser is not mounted as required, in violation of the ADA whose remedy is readily achievable.

Z. There is insufficient knee and toe clearance at the lavatory, in violation of the ADA whose remedy is readily achievable.

AA. The lavatory pipes are not insulated for scalding or contact, in violation of the ADA whose remedy is readily achievable.

BB. There is no permanent fixed, fold-down shower bench in the roll-in shower, in violation of the ADA whose remedy is readily achievable.

CC. The grab bars in the roll-in shower are non-compliant, in violation of the ADA whose remedy is readily achievable.

DD. The shower handheld adjustable spray units are not equipped with an on/off control and non-positive shut-off, in violation of the ADA whose remedy is readily achievable.

The Golf Courses

EE. There are no adaptive golf carts available for patrons and golfers with disabilities, whereas an entire fleet of standard golf carts are available for rent on demand by able bodied golfers, in violation of the ADA whose remedy is readily achievable.

FF. Upon information and belief, there are no designated accessible restrooms on either of the resort's two golf courses, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

GG. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by Defendant **MCGUIRE'S EVERGREEN GOLF COURSE, INC.** is not an exclusive list of the Defendant's ADA

violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## **COUNT I**
## **VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The resort at issue, as owned and operated by **MCGUIRE'S EVERGREEN GOLF COURSE, INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including

      those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq*.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **MCGUIRE'S EVERGREEN GOLF COURSE, INC.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone

                valeriefatica@gmail.com
                *Admitted to bar of the W. District of MI